**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| TERRY UPSHAW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:22-cv-00572-RWS |
| ) | |
| JEFFERSON COUNTY JAIL, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on its own motion. On July 29, 2022, the Court ordered plaintiff Terry Upshaw to file an amended complaint within thirty days. (Docket No. 5). More than thirty days have elapsed, and plaintiff has not complied. Therefore, for the reasons discussed below, the Court will dismiss this action without prejudice. *See* Fed. R. Civ. P. 41(b).

### Background

Plaintiff is a self-represented litigant who is currently incarcerated at the Eastern Reception, Diagnostic and Correctional Center in Bonne Terre, Missouri. On May 25, 2022, he filed a prisoner civil rights complaint pursuant to 42 U.S.C. § 1983, naming the Jefferson County Sheriff's Department, Jefferson County Jail, and Jail Administrator Brenda Short as defendants. (Docket No. 1). Jail Administrator Short was sued in her official capacity only. In the complaint, plaintiff alleged deliberate indifference to his medical needs.

Along with his complaint, plaintiff filed a motion for leave to proceed in forma pauperis. (Docket No. 2). On July 29, 2022, the Court granted the motion and assessed an initial partial filing fee. (Docket No. 5).

Because he was proceeding in forma pauperis, the Court reviewed his complaint under 28 U.S.C. § 1915. Based on that review, the Court determined that the complaint was deficient and subject to dismissal for three reasons. First, the Jefferson County Sheriff's Department and Jefferson County Jail were not suable entities under 42 U.S.C. § 1983. Second, Jail Administrator Short had been sued in an official capacity only. That claim was treated as being made against her employer, Jefferson County. However, plaintiff had not presented facts demonstrating that Jefferson County harmed him due to an unconstitutional policy, custom, or failure to train. Finally, the Court noted that even if Short had been sued in an individual capacity, plaintiff had not properly alleged her personal responsibility for violating his constitutional rights.

Rather than dismissing outright, the Court directed plaintiff to file an amended complaint. He was sent a copy of the Court's prisoner civil rights form, and given instructions on how to properly amend. The Court gave plaintiff thirty days in which to comply, and advised him that his failure to comply would result in the dismissal of this action without prejudice and without further notice.

## Discussion

Even though he is a self-represented litigant, plaintiff must still comply with the Court's orders and with the Federal Rules of Civil Procedure. *See Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) ("In general, pro se representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure"). Under Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b). This rule applies to self-represented litigants. *See Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (noting that self-represented "litigants are not excused from compliance with substantive and procedural law").

Furthermore, the Court may dismiss an action under Rule 41(b) on its own motion. *Id*. (stating that the "district court has the power under Fed. R. Civ. P. 41(b) to dismiss an action for the plaintiff's failure to comply with any court order," and that "[a] court may so dismiss on its own initiative"). *See also Haley v. Kansas City Star*, 761 F.2d 489, 490 (8th Cir. 1985) ("A district court may, on its own motion, dismiss an action for failure of the plaintiff to comply with any order of the court").

In this case, as set forth above, plaintiff was ordered to file an amended complaint on a Court form on July 29, 2022. He was given thirty days in which to comply. The amended complaint was due on or before August 28, 2022. In the order, plaintiff was warned that his failure to file an amended complaint would result in the dismissal of this action without prejudice and without further notice.

The deadline for plaintiff to file his amended complaint has expired. Indeed, the Court has given him substantially more than thirty days in which to comply. Despite being given additional time, plaintiff has not submitted an amended complaint, nor has he sought an extension of time in which to do so.

Because plaintiff has not filed an amended complaint pursuant to the Court's order of July 29, 2022, and has not requested an extension of time in which to comply, the Court will dismiss this action without prejudice. *See Dudley v. Miles*, 597 Fed. Appx. 392 (8th Cir. 2015) (affirming district court's Fed. R. Civ. P. 41(b) dismissal for failure to comply with a court order, where plaintiff failed to follow an order to file an amended complaint, "[d]espite warnings that dismissal could result from his failure to do so").

Accordingly,

3

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for failure to comply with the Court's order of July 29, 2022. *See* Fed. R. Civ. P. 41(b). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this order of dismissal would not be taken in good faith.

Dated this 20th day of October, 2022.

                                                  RODNEY W. SIPPEL
                                                  UNITED STATES DISTRICT JUDGE